IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) ) ) | CASE NO. 5:20-CV-00029 |
| | ) | JUDGE |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| ROXANNE WEST, et al., | ) ) | **COMPLAINT IN INTERPLEADER** |
| Defendants. | ) ) ) | |

NOW COMES Plaintiff The Prudential Insurance Company of America ("Prudential"), by and through its undersigned attorneys, for its Complaint in Interpleader alleges as follows:

**PARTIES**

1. Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Prudential is duly authorized to do business in the State of Ohio.

2. Upon information and belief, Roxanne West is an adult citizen of Georgia and domiciled in Long County, Georgia.

3. Upon information and belief, Laycee Striker a/k/a Laycee West ("Laycee Striker") is an adult citizen of Ohio and domiciled in Tuscarawas County, Ohio.

4. Upon information and belief, Keith West, Jr. is an adult citizen of Ohio and domiciled in Tuscarawas County, Ohio.

5. Upon information and belief, Brooke West is an adult citizen of Ohio and domiciled in Tuscarawas County, Ohio.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under the provisions of 28 U.S.C. § 1331, which gives the District Court jurisdiction over actions arising under the laws of the United States. At issue are life insurance plan benefits provided to the Department of Veterans Affairs pursuant to the Servicemembers' Group Life Insurance Act, 38 U.S.C. 1965 *et seq*.

7. This Court also has jurisdiction under 28 U. S. C. § 1332, in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. Prudential is a New Jersey citizen for diversity purposes, and upon information and belief, the defendants are citizens of Georgia and Ohio.

8. This Court also has jurisdiction under 28 U.S.C. § 1335 in that the Defendants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523 (1967). Upon information and belief, the defendants are citizens of Georgia and Ohio.

9. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U. S. C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

10. Prudential, through the Office of Servicemembers' Group Life Insurance ("OSGLI"), provides Group Life insurance benefits pursuant to the SGLI statute, 38 U.S.C. 1965 *et seq*., to the United States Department of Veterans Affairs under group policy number G-32000 ("SGLI Plan").

11. As an eligible veteran of the United States Army, at all times relevant, Keith West (the "Insured") received Veterans Group Life Insurance ("VGLI") coverage under the SGLI Plan ("VGLI Coverage").

12. Upon information and belief, the Insured died on May 24, 2019 as the result of fatal injuries sustained during a vehicular accident. *A copy of the Insured's Certificate of Death is attached hereto as **Exhibit A***.

13. As a result of the death of the Insured, VGLI Coverage death benefits in the amount of $399,912.00 (the "Death Benefit"), representing $400,000.00 in coverage and less a premium payment due of $88.00, became due to a beneficiary or beneficiaries and Prudential concedes liability to that effect.

14. The Insured did not designate a beneficiary to his VGLI Coverage.

15. Pursuant to the SGLI Statute, where there has not been a beneficiary designation, VGLI death benefits are payable to: "the widow or widower of such member or former member … if none of the above, to the child or children of such member or former member…" *See* 38 U.S.C.A. § 1970(a).

16. Upon information and belief, the Insured is survived by his wife, Roxanne West, and his three adult children, Laycee Striker, Keith West, Jr., and Brooke West.

17. Upon information and belief, Roxanne West has been criminally charged in connection with the Insured's death.

18. As a result of the criminal charges against Roxanne West, she may be disqualified from receiving the Death Benefit under the SGLI Slayer Regulation, 38 C.F.R. § 9.5(e), which prohibits payment of "proceeds payable because of the death of an individual insured under Servicemembers' Group Life Insurance" to:

    (i)    a person who is convicted of intentionally and wrongfully killing the decedent or determined in a civil proceeding to have intentionally and wrongfully killed the decedent;

    (ii)    a person who is convicted of assisting or aiding, or determined in a civil proceeding to have assisted or aided, a person described in paragraph (e)(2)(i) of this section; and

    (iii)    a member of the family of a person described in paragraph (e)(2)(i) or (e)(2)(ii) of this section who is not related to the decedent by blood, legal adoption, or marriage.

*38 C.F.R. § 9.5(e)(1) and (2).*

19. By Claim for Death Benefits form faxed to Prudential on July 8, 2019, Roxanne West asserted a claim to the Death Benefit. *A copy of the Claim for Death Benefits form is attached hereto as* **Exhibit B**.

20. If the Court determines that Roxanne West is disqualified from receiving the Death Benefit pursuant to 38 C.F.R. §9.5 (e)(4)(i), the Death Benefit would be payable to the Insured's children: Laycee Striker, Keith West, Jr., and Brooke West, in equal shares. *See 38 U.S.C. § 1970(a); 38 C.F.R. §9.5 (e)(4)(i)*.

21. Under the circumstances, Prudential cannot determine factually or legally who is entitled to the Death Benefit. By reason of the actual or potential claims of the interpleading parties, Prudential is or may be exposed to multiple liability.

22. Prudential is ready, willing and able to pay the Death Benefit, plus applicable interest, if any, in accordance with the terms of the SGLI Plan to whomever this Court shall designate.

23. As a mere stakeholder, Prudential has no interest (except to recover its attorneys' fees and cost of this action) in the Death Benefit and respectfully requests that this Court determine to whom said benefits should be paid.

24. Prudential accordingly will deposit with the Court the Death Benefit, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court, or pursuant to an Order of the Court, will pay the Death Benefit directly to whomever this Court determines to be entitled to the proceeds.

25. There is no fraud or collusion between Prudential and any of the other parties. Prudential brings this Complaint in Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Prudential prays that the Court enter judgment:

(a) requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefit;

(b) requiring the Defendants to settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

(c) permitting Prudential to deposit the amount of the Death Benefit, plus applicable interest, if any, into the Court or as this Court otherwise directs to be subject to the Order of this Court and to be paid out as this Court shall direct;

(d) discharging Prudential from any and all further liability to the Defendants that relates in any way to the insured's coverage under the SGLI Plan and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(e) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court in connection with payment of the Death Benefit or otherwise in connection with the Insured's coverage under the SGLI Plan;

(f) awarding Prudential its attorneys' fees and costs in their entirety; and

(g) awarding Prudential any other and further relief that this Court deems just and proper.

        Respectfully submitted,

        */s/ Donald C. Bulea*
        Donald C. Bulea (0084158)
        GIFFEN & KAMINSKI, LLC
        1300 East Ninth Street, Suite 1600
        Cleveland, Ohio 44114
        Telephone:   216-621-5161
        Facsimile:    216-621-2399
        E-mail:       dbulea@thinkgk.com
        ***Counsel for Plaintiff The Prudential Insurance Company of America***